IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RICCARDO RENFRO,
:
    Petitioner,                                   Case No. 1:11-cv-430

                                        :         Chief Judge Susan J. Dlott
    -vs-                                         Magistrate Judge Michael R. Merz

STATE OF OHIO, et al.,
:
    Respondents.

**REPORT AND RECOMMENDATIONS**

       This is a habeas corpus case brought *pro se* under 28 U.S.C. § 2241 by Petitioner Riccardo Renfro against the State of Ohio; Butler County, Ohio; the Honorable Patricia Oney; David L. Kash; and Sheriff Richard Jones (Petition, Doc. No. 6).  On Order of Magistrate Judge Litkovitz (Doc. No. 5), Respondents filed a Return of Writ (Doc. No. 10) and Petitioner has filed a Reply (Doc. No. 11).

       When Petitioner filed this action, he was awaiting trial before Judge Oney and he questioned the authority of all the Respondents to hold him.  As a pro se petitioner, Mr. Renfro is entitled to have his Petition construed liberally.  *Williams v. CSX Transportation Co., Inc.,* 643 F.3d 502, 510 (6th Cir. 2011) citing *Federal Exp. Corp. V. Holowecki,* 552 US. 389, 402 (1998); see also, *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *McNeil v. United States,* 508 U.S. 106, 113 (1993).  As the Court reads the Petition, Mr. Renfro was questioning the authority of Respondents to arrest him, to detain him pending trial, to try him, and to impose any sanction on him.  In the Petition he asked that proceedings against him in the Butler County

Common Pleas court in its Case No. CR 2010-08-1370 be stayed "pending resolution of the jurisdictional challenge in the above-entitled court of record" (i.e., this Court)(Petition, Doc. No. 6, PageID 35).

The Court did not stay those proceedings. The case in Butler County proceeded to trial and he was convicted of aggravated robbery and murder on July 7, 2011. The counts of conviction were merged and he was sentenced him to fifteen years to life imprisonment (Judgment of Conviction Entry, Exhibit to Return of Writ, PageID 59-60). Although an appeal was taken to the Butler County Court of Appeals, that appeal had apparently not been decided by the time Petitioner filed his Reply. An online search of the records of the Butler County Clerk of Courts indicates the appeal is still pending as of May 22, 2012.

Federal habeas corpus is available only to remedy violations of the United States Constitution. 28 U.S.C. §2254(a); *Wilson v. Corcoran,* 562 U.S. ___, 131 S. Ct. 13; 178 L. Ed. 2d 276 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). The Petition, as the Court reads it, asserts Respondents violated Petitioner's constitutional rights by exercising criminal jurisdiction over him.

Petitioner first asserts that the State of Ohio is a legal fiction and thus has no authority over him. This assertion is patently frivolous. Ohio has been a State since 1803 when it was admitted to the Union as the seventeenth State out of land which had been the Northwest Territory. While it is an artificial, not a natural, person, the United States government has recognized its existence as a sovereign State with police power to punish crimes such as aggravated robbery and murder for more than two hundred years.

Petitioner next asserts that he is not a citizen of the United States or of Ohio because he is of

African descent and citizenship for such persons was denied in *Scott v. Sandford,* 60 U.S. 393 (1857).[1]  That case was overruled by the Fourteenth Amendment which provides in pertinent part "All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside."  Petitioner disclaims American citizenship, but does not say he was born in some other country.

In any event, Petitioner's assertion of non-citizenship is unavailing.  The States do not lack power to enforce their criminal laws on non-citizens who commit crimes within their territories.  The Indictment in this case alleges nothing about Petitioner's citizenship and no such allegation is necessary.  Instead, it alleges he committed serious crimes within the State of Ohio.  That is sufficient.

There is much said in the Petition about the Court of Common Pleas not being a court of record.  That is not so.  The Ohio General Assembly has created a common pleas court in every county in Ohio.  Ohio Rev. Code § 2301.01.  Each such court has a clerk whose duties include making a record of the proceedings in that court.  Ohio Rev. Code § 2303.08.  The authority of those courts to impose fines and imprisonment, which Petitioner says is a critical component of court-of-record status, is conferred by Title 29 of the Revised Code.  Their authority to punish for contempt is inherent.  *Hale v. State*, 55 Ohio St. 210, 45 N.E. 199 (1896); in *Zakany v. Zakany*, 9 Ohio St. 3d 192, 459 N.E. 2d 870 (1984).  In Ohio even municipal courts, which are certainly inferior courts within Petitioner's usage,[2] have inherent power to punish for contempt.  *In re Sherlock*, 37 Ohio App. 3d 204, 525 N.E. 2d 512 (Ohio App. 2d Dist. 1987).

In sum, Petitioner is simply wrong in asserting that an Ohio Common Pleas Court does not have authority to arrest, confine, try, and imprison a person found within the borders of the State on

---

1 The undersigned, having been a judge for nearly thirty-five years, has never seen and had never expected to see the Dred Scott decision cited favorably by an "inhabitant of America of African descent," as Petitioner describes

crimes of aggravated robbery and murder.  The Petition is without merit and should be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied any requested certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and should therefore not be permitted to proceed *in forma pauperis*.

May 22, 2012.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed.R.Civ.P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed.R.Civ.P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See, United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985).

---

himself.